**Gurbax KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73795.
Agency No. A77–424–620.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., Susan Houser, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Gurbax Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's decision. Kaur's testimony lacked specificity regarding the political activities of her husband and sons, was internally inconsistent regarding her physical mistreatment, and was inconsistent with her testimony before the asylum officer concerning whether or not she was raped. *See*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Singh–Kaur v. INS*, 183 F.3d 1147, 1151–53 (9th Cir.1999). Moreover, it is implausible that she would not have sought medical treatment after suffering such allegedly severe beatings, and implausible that she would not have further sought the whereabouts of her missing husband and sons. *See id.* at 1152–53.

Because Kaur failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc).

As Kaur points to no other evidence that she could claim the IJ should have considered in making the determination under CAT, her CAT claim must fail along with her asylum claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

Kaur's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003). To the extent Kaur argues separately that this case was not appropriate for streamlining and summary affirmance, the claim fails because substantial evidence supports the IJ's denial of Kaur's application for relief. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir. 2004) (explaining that the merits determination and decision to streamline ordinarily collapse into one another).

PETITION FOR REVIEW DENIED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.